FILED

2020 Jan-21  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**TARA DELOACH,**

    **PLAINTIFF,**

**VS.**                **CV NO.:**

**BELK, INC.,**

    **DEFENDANT.**         **JURY TRIAL DEMANDED**

## COMPLAINT

## I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.   PARTIES

2.   Plaintiff, Tara DeLoach, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3.    Defendant Belk, Inc. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

## III.   STATEMENT OF FACTS

4.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.    Defendant hired Plaintiff on or about September 28, 2015.

6.    Defendant employed Plaintiff at the Belk store located at 5036 Pinnacle Square, Trussville, AL 35235.

7.    Defendant employed Plaintiff in various positions, but last assigned Plaintiff to perform the duties of "Sales Team Manager" over its "Cosmetics, Fragrances and Handbags & Accessories" Department.

8.    Defendant had previously been made party to the lawsuit *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM, that was filed in the United States District Court

for the Eastern District of Texas, Sherman Division (hereinafter "Eastern District of Texas.").

9.     During the course of *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM, the *Halleen* plaintiffs filed a Motion for Class Certification in which the plaintiffs sought conditional class certification and court supervised notice to inform Defendant's Sales Team Managers in various states of the right to join the pending litigation.[1]

10.     On September 21, 2016, the Eastern District of Texas granted plaintiffs' motion for conditional class certification.[2]

11.     Defendant employed Plaintiff as a Sales Team Manager from September 21, 2016 through the termination of her employment.

12.     As a result of the Order granting class certification, the *Halleen* plaintiffs sent notice of the lawsuit to various employees including the Plaintiff.

13.     On December 12, 2016, Plaintiff filed her notice of consent to join *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex. 2016).[3]

14.     On August 1, 2018, Defendant deposed Plaintiff in the matter of *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex. 2016).

15.     Defendant employed Taylor Argent.

---

[1] See *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex., Dec. 12, 2016) (Doc. 30).
[2] See *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex., Dec. 12, 2016) (Doc. 44).
[3] See *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex., Dec. 12, 2016) (Doc. 65).

16.     Argent worked as Defendant's store manager for the Belk located at 5036 Pinnacle Square, Trussville, AL 35235.

17.     Argent had knowledge of Plaintiff's participation in the *Halleen* lawsuit.

18.     Prior to the deposition, Plaintiff notified Argent of her absence and the reason for her absence was to participate in the deposition made part of the matter *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex. 2016).

19.     Prior to the deposition, Defendant's counsel John A. Ybarra discussed Plaintiff's participation in the lawsuit with Argent.

20.     Defendant and the *Halleen* plaintiffs, including all those similarly situated, reached a settlement that was filed with the Eastern District of Texas on November 20, 2018, and the Eastern District of Texas approved the settlement on December 20, 2018.

21.     During February 2019, as a result of the settlement referenced in the paragraph above, Plaintiff received her settlement check and accepted the terms and conditions of the settlement, including the consideration made part of the settlement.

22.     On February 9, 2019, Plaintiff commenced a scheduled vacation that lasted until February 19, 2019.

23.     Upon her return on February 19, 2019, Argent changed Plaintiff's position from Sales Team Manager over "Ladies, Intimates, and Handbags &

Accessories" to the Sales Team Manager over "Cosmetics, Fragrances and Handbags & Accessories".

24.   Defendant utilizes a progressive discipline policy that calls for a "1st Written Counseling", a "2nd Written Counseling", and concludes with a "Termination."

25.   On March 31, 2019, Argent issued Plaintiff her "1st Written Counseling."

26.   At the time Argent issued the "1st Written Counseling" to Plaintiff, Defendant cited issues related to Plaintiff's work as the Sales Team Manager over "Cosmetics, Fragrances and Handbags & Accessories" that she no longer had access or authority to remedy.

27.   Plaintiff was absent from work on April 9th, 2019 through April 13th, 2019, due to illness.

28.   Upon information and belief, Defendant's Human Resources employees conducted an investigation regarding Plaintiff.

29.   On April 26, 2019, Argent terminated Plaintiff's employment.

30.   Argent's stated the termination was based on Defendant's Human Resources investigation.

31.   Plaintiff was never afforded the opportunity to rebut Defendant's alleged investigation or findings.

32.    Argent did not issue Plaintiff a "2nd Written Counseling."

33.    Defendant employed Antonio Samuels as a Sales Team Manager for the Belk located at 5036 Pinnacle Square, Trussville, AL 35235.

34.    Samuels filed his notice of consent to join *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM on October 28, 2016.[4]

35.    During February 2019, as a result of the settlement referenced in the paragraph above, Samuels received his settlement check and accepted the terms and conditions of the settlement, including the consideration made part of the settlement.

36.    Argent supervised the employment of Samuels.

37.    On April 2, 2019, Argent issued Samuels his "2nd Written Counseling."

38.    Samuels took FMLA leave from April through July 2019.

39.    Upon his return from FMLA leave, Argent and Plaintiff had a conversation in which Argent requested that Plaintiff step down from his position of Sales Team Manager.

40.    Following his return from FMLA leave, Argent terminated Samuels employment on September 17, 2019.

---

[4] See *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex., Dec. 12, 2016) (Doc. 53).

41.   Plaintiff and Samuels were the only Sales Team Managers working under Argent's supervision that participated in *Halleen et al v. Belk, Inc*., 4:16-cv-00055-ALM (E.D. Tex. 2016).

## IV.   COUNT ONE – FLSA RETALIATION – (TERMINATION)

42.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-41 above.

43.   On December 12, 2016, Plaintiff filed her notice of consent to join *Halleen et al v. Belk, Inc*., 4:16-cv-00055-ALM (E.D. Tex. 2016).

44.   On August 1, 2018, Defendant deposed Plaintiff in the matter of *Halleen et al v. Belk, Inc*., 4:16-cv-00055-ALM (E.D. Tex. 2016).

45.   Prior to the deposition, Plaintiff notified Argent of her absence and the reason for her absence was to participate in a deposition made part of *Halleen et al v. Belk, Inc*., 4:16-cv-00055-ALM (E.D. Tex. 2016).

46.   Prior to the deposition, Defendant's counsel discussed Plaintiff's participation in the lawsuit with Argent.

47.   On February 9, 2019, Plaintiff commenced a scheduled vacation that lasted until February 19, 2019.

48.   Upon her return on February 19, 2019, Argent changed Plaintiff's position from Sales Team Manager over "Ladies, Intimates, and Handbags &

Accessories" to the Sales Team Manager over "Cosmetics, Fragrances and Handbags & Accessories".

49.    Defendant utilizes a progressive discipline policy that calls for a "1st Written Counseling", a "2nd Written Counseling", and concludes with a "Termination."

50.    On March 31, 2019, Argent issued Plaintiff her "1st Written Counseling."

51.    At the time Argent issued the "1st Written Counseling" to Plaintiff, Defendant cited issues related to Plaintiff's work as the Sales Team Manager over "Cosmetics, Fragrances and Handbags & Accessories" that she no longer had access or authority to remedy.

52.    Plaintiff was absent from work on April 9th, 2019 through April 13th, 2019, due to illness.

53.    Upon information and belief, Defendant's Human Resources employees conducted an investigation regarding Plaintiff.

54.    On April 26, 2019, Argent terminated Plaintiff's employment.

55.    Argent's stated the termination was based on Defendant's Human Resources investigation.

56.    Plaintiff was never afforded the opportunity to rebut Defendant's alleged investigation or findings.

57.    Argent did not issue Plaintiff a "2nd Written Counseling."

58.    Within weeks of Plaintiff accepting the consideration made part of the settlement in *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM, Defendant terminated Plaintiff's employment.

59.    Defendant retaliated against Plaintiff by terminating her employment because she participated in *Halleen et al v. Belk, Inc.*, 4:16-cv-00055-ALM (E.D. Tex. 2016).

60.    Defendant's actions in terminating Plaintiff violated the FLSA.

61.    Because of Defendant's willful and intentional violation of the FLSA, Plaintiff has suffered loss of pay, benefits, and mental anguish.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    Award her back pay, together with employment benefits, front pay, compensatory damages and/or liquidated damages; special damages; nominal damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper

and just.

_____
Allen D. Arnold

**OF COUNSEL**:
ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Belk, Inc
c/o National Registered Agents Inc.
2 North Jackson Street
Suite 605
Montgomery, Al 36104